# EXHIBIT 10

**MEMORANDUM IN SUPPORT OF JOINED RULE 12 MOTIONS:**
**MOTION FOR MORE DEFINITE STATEMENT; MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT PROCESS, ON THE GROUNDS THAT CLAIMS MUST BE ARBITRATED, AND FAILURE TO STATE A CLAIM; AND MOTION TO STRIKE;**

**AND IN THE ALTERNATIVE, MOTION TO STAY THE PROCEEDINGS**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

BARBARA HANLEY,                                                    Case No._____

      Plaintiff,                                                **Class Representation**

vs.

STRATEGIC FINANCIAL SOLUTIONS, LLC, a Nevada limited liability company; GLOBAL CLIENT SOLUTIONS, LLC, an Oklahoma limited liability company; GLOBAL HOLDINGS, LLC, an Oklahoma limited liability company; BOULDER LEGAL GROUP, LLC, a Missouri limited liability company; LAW OFFICES OF CAMRON HOORFAR, PC, a Missouri professional corporation; CAMRON HOORFAR, a Missouri, resident; RICHARD GUSTAFSON, an Illinois resident, VELSA HOLDINGS, LLC, a Nevada limited liability company,

      Defendants.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### TABLE OF CONTENTS

GENERAL ALLEGATIONS ................................................................................................. 3

    A.    Introduction .................................................................................................. 3

    B.    Parties ........................................................................................................... 4

    C.    Non-party co-conspirators ........................................................................... 5

    D.    Jurisdiction and Venue ................................................................................ 6

    E.    The Legal Helpers Progeny ........................................................................ 6

    F.    The Facade Firms ........................................................................................ 8

    G.    The Facade Firms' connections to each other ........................................... 12



COUNT VI:     EXPRESS PRIVATE RIGHT OF ACTION FOR VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA) .................................................................................................... 59

COUNT VII:    EXPRESS PRIVATE RIGHT OF ACTION FOR VIOLATION OF CREDIT COUNSELING SERVICES STATUTE ......................................... 61

COUNT VIII:   PRIVATE RIGHT OF ACTION FOR UNLICENSED PRACTICE OF LAW ................................................................................................................ 64

COUNT IX:     LEGAL MALPRACTICE ................................................................................ 66

COUNT X:      BREACH OF FIDUCIARY DUTY ................................................................ 67

COUNT XI:     UNJUST ENRICHMENT ................................................................................ 69

COUNT XII:    INJUNCTIVE RELIEF .................................................................................... 71

DEMAND FOR JURY TRIAL .................................................................................................... 72

## GENERAL ALLEGATIONS

### A. Introduction

1. This is a case of fraud, conspiracy to commit fraud, violation of the Racketeer Influenced and Corrupt Organizations Act, violation of Florida's Deceptive and Unfair Trade Practices Act, violation of Florida Credit Counseling Services statute, unlicensed practice of law, legal malpractice, breach of fiduciary duty and unjust enrichment in which the Plaintiff—on behalf of herself and a class—seek damages, attorneys' fees, and injunctive relief.

2. This case involves a debt settlement scheme involving numerous entities that conspire to defraud Florida consumers.

3. The scheme begins with bait-and-switch advertising through interstate mailings to initiate contact with the consumers. The mailers promise the consumer a low-interest loan, but upon calling the number on the mailer, they are pressured to instead enter into a debt settlement program.

4. The enterprise further defrauds consumers by posing as lawyers and law firms and by enlisting real lawyers and law firms to provide their names for the scheme even though they do not—and generally, cannot—perform legal services themselves in Florida where the consumers reside.

5. The Defendants adopted a business structure that fraudulently mimics the "attorney model" of debt settlement—a controversial structure in its own right—in order to evade the licensing and fee-limitation requirements for non-attorney settlement companies in various states and to project an aura of trustworthiness to lure unsuspecting consumers.

**B.     Parties**

6. The Plaintiff, **Barbara Hanley**, is a Florida resident and domiciliary.

7. Defendant, **Strategic Financial Solutions, LLC ("SFS")**, is a Nevada limited liability company whose managing member is eVestment, Inc., owned by Nasdaq, Inc. SFS does business throughout the United States, including the state of Florida. Its CEO is Ryan Sasson.

8. Defendants, **Global Client Solutions, LLC** and **Global Holdings LLC (**collectively **"GCS")**, are both Oklahoma limited liability companies in the business of creating and managing consumer depository accounts. Global Client Solutions, LLC is the subsidiary, agent, or alter ego of Global Holdings LLC. The two companies share a common board of directors, common officers, common office space, and common ownership, such that they constitute a single business enterprise. Global Client Solutions, LLC is thinly capitalized and is a separate corporate entity to avoid liability to consumers who incur damages because of the actions described in this Complaint. GCS does business throughout the United States, including the state of Florida.

29. The other entities involved here have multiple connections to partners[6] and attorneys of Legal Helpers (collectively with Ryan Sasson, the "Legal Helpers Progeny"):

    a) Jason Blust (partner);

    b) James Agosto (partner);

    c) Lori Leigh (partner);

    d) Richard Gustafson (partner);

    e) Donald Norris (partner);

    f) Troy Morrison (partner );

    g) Thomas Rogus (attorney);

    h) Jerome Dubin (attorney);

    i) Guillermo Geiss (attorney)

    j) Adela Estopinan (attorney); and

    k) N. Craig Horvath (attorney).

**F.    The Facade Firms**

30. SFS, together with the help of the Legal Helpers Progeny creates and maintains a collection of entities being held out as law firms, which it calls its brand "portfolio" (collectively, "Facade Firms"). It does so with the complicity of lawyers in various states for the purpose of evading laws relating to non-lawyer debt settlement companies and to falsely create an aura of trustworthiness that will attract and entrap consumers.

31. The key difference between the Facade Firm scheme and the Legal Helpers scheme is that the attorney network here is composed of a confusing and overlapping array of Facade Firms

---

[6] *Harrison v. Legal Helpers Debt Resolution, LLC*, Case No. 0:12-cv-02145-ADM-TNL, Exhibit 2 to Defendants' Notice of Removal.

some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual could not possess." *Fla. Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam Cty.*, 616 So. 2d 562, 565 (Fla. 5th DCA 1993).

217. The Defendants conspired to the fraud detailed in COUNT I by agreeing to the Facade Firm scheme, by taking the overt acts of fraudulently inducing the Plaintiff and Class Members to execute the SFS/Facade Firm Contract and GCS Contract and taking the Plaintiff's and Class Members' money.

218. The Plaintiff and Class Members suffered damages as a proximate cause of the jointly committed fraudulent acts.

**WHEREFORE**, the Plaintiff, individually and on behalf of the Class Members, demands the recovery of compensatory damages from the Defendants and all such other relief as may be granted by the court.

**COUNT III: CIVIL RIGHT OF ACTION FOR VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")**
**18 U.S.C. § 1962(c)**
**(All Defendants)**

219. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

220. At all relevant times SFS, GCS, and NPN (including non-party Facade Firms, their principals and Class B "partners", and individual notaries) were members and associates of a fraudulent debt settlement enterprise, whose members and associates engaged in fraudulent and deceptive practices designed to enroll consumers in useless "debt settlement" plans and extract unearned fees from them ("SFS Scheme").

Ice Legal, P.A.
6586 HYPOLUXO ROAD, SUITE 350, LAKE WORTH, FL 33467 • TELEPHONE (561) 729-0530

221. The Defendants, including their leadership, membership, and associates, constitute an association-in-fact (the "SFS Enterprise"). The SFS Enterprise is an ongoing and continuing business organization consisting of both corporations and individuals that associate for the common or shared purposes of advancing the SFS Scheme.

222. The activities of the SFS Enterprise affected and continues to affect interstate commerce.

223. In order to increase their revenue and profits, members of the SFS Enterprise need to enroll a continuous stream of customers into their debt relief programs. The SFS Enterprise provides that stream by ==fraudulently inducing Class Members to enter into illegal contracts through which members of the SFS Enterprise extracted illegal fees directly from Class Members' bank accounts.==

224. The members of the SFS Enterprise share the common purpose of achieving the enterprise's objectives, namely the enrichment of the Defendants through luring consumers into useless debt settlement plans and extracting unearned fees from them. Each of the members of the SFS Enterprise was rewarded financially based on its abilities to perform its role as a member of the SFS Enterprise.

A.   **Conduct of the RICO enterprise's affairs**

225. The SFS Enterprise members have, in violation of Section 1962(c) of RICO, conducted or participated in the conduct of the affairs of the SFS Enterprise, directly or indirectly, by making false statements and promises in an attempt to encourage Class Members to sign up for debt settlement programs through the SFS Enterprise, and by extracting and processing payments knowing that the underlying contracts provided for illegal fees and that Class Members had signed those contracts based on the fraudulent and deceptive activities of the Enterprise's Facade Firms.

Ice Legal, P.A.
6586 HYPOLUXO ROAD, SUITE 350, LAKE WORTH, FL 33467 • TELEPHONE (561) 729-0530

**B.     SFS Enterprise's pattern of racketeering activity**

226.  Defendants conducted and participated in the affairs of the above-referenced SFS Enterprise through a pattern of racketeering activity, including acts that are indictable under 18 U.S.C. § 2314 (relating to the interstate transportation of stolen property); 18 U.S.C. § 1341 (relating to mail fraud); 18 U.S.C. § 1343 (relating to wire fraud); and 18 U.S.C. § 1344 (relating to bank fraud).

227.  The pattern of racketeering likely involved thousands of separate instances of use of the U.S. mail or interstate wire facilities in furtherance of the SFS Scheme, as well as many instances involving the interstate transmission of potentially millions of dollars in fraudulently obtained fees, which were withdrawn from accounts under the custody and control of financial institutions.

228.  Each of these instances constituted a "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)(B). Collectively, these violations constituted a "pattern of racketeering activity," within the meaning of 18 U.S.C. § 1961(5), in which the SFS Enterprise intended to defraud Plaintiff, Class Members, and other intended victims.

229.  Defendant's racketeering activities amounted to a common course of conduct, with similar pattern and purpose, intended to defraud Class Members. Each separate instance of racketeering employed by Defendants was related, had similar intended purposes, involved similar participants and methods of execution, and had the same injurious results affecting the same victims, including Plaintiff and Class Members.

230.  Defendants engaged in the pattern of racketeering activity for the purpose of conducting the ongoing business affairs of the SFS Enterprise.

Ice Legal, P.A.
6586 HYPOLUXO ROAD, SUITE 350, LAKE WORTH, FL 33467 • TELEPHONE (561) 729-0530