UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), et al., | Case No. 1:25-cv-00275-EAW-MJR |
| Plaintiff, | |
| vs. | |
| ICE LEGAL, P.A., a Florida Profit Corporation, THOMAS ICE, an individual, and ARIANE ICE, an individual, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO UN-RELATE
AND REASSIGN CASE TO A DIFFERENT JUDGE AND
MAGISTRATE**

**Lundergan Legal, LLC**
Amanda L. Lundergan, Esq.
Post Office Box 211474
Royal Palm Beach, FL 33421
Direct: (561) 779-4126
Assistant: (561) 629-2643
Email:  amanda@lunderganlegal.com

*Attorney for Ice Legal, P.A., Thomas Ice and Ariane Ice*

## TABLE OF CONTENTS

                                                                             **Page**

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD.......................................................................................................... 2

THERE IS NO FACTUAL OVERLAP BETWEEN THE CASES SUCH THAT ASSIGNMENT TO THE SAME JUDGE WOULD AVOID UNNECESSARY DUPLICATION OF JUDICIAL EFFORT................................................................................ 3

    I.     The Receiver must show that the cases factually or legally overlap and that judicial labor will be conserved by assigning the same judge and magistrate.............. 3

    II.    The magistrate's belief that all matters regarding Ice Legal can be adjudicated in a wholly separate suit means that there is no factual overlap justifying assignment to the same Judge and Magistrate . ............................................................... 4

CONCLUSION.................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Comm. on Judiciary v. McGahn*,
  391 F. Supp. 3d 116 (D.D.C. 2019) ........................................................................ 2

*In re BellSouth Corp.*,
  334 F.3d 941 (11th Cir. 2003) ................................................................................. 2

*Molinari v. Bloomberg*,
  2008 WL 4876847 (E.D.N.Y. Nov. 12, 2008) ......................................................... 5

*United States v. Kelly*,
  519 F. Supp. 1029 (D. Mass. 1981) ......................................................................... 2

*United States v. Mavroules*,
  798 F. Supp. 61 (D. Mass. 1992) ............................................................................. 2

*United States v. Phillips*,
  59 F. Supp. 2d 1178 (D. Utah 1999) ........................................................................ 2

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*,
  341 F. Supp. 2d 69 (D.P.R. 2004) ............................................................................ 2

**Statutes and Regulations**

28 U.S.C. §1367(a) ....................................................................................................... 3

**Rules**

Rule 5.1(e) L. R. Civ. P. ........................................................................................... 3, 4

INTRODUCTION

Ice Legal, P.A. and its two attorneys, Thomas Ice and Ariane Ice; collectively, "Ice Legal") specially appear[1] and move to "un-relate" this case and send back for random assignment to a judge and state as follows:

The Receiver designated this case as "related" to the *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al. Western District of New York*, Case No. 1:24-cv-00040-EAW-MJR ("*Main Case*")[2] and thereby evaded the random process for assigning judges. Yet, in that case, Magistrate Roemer recently stated in his Report, Recommendation and Order recommending denial of Ice Legal's Motion to Intervene [3] that this case is a wholly and entirely separate matter from the *Main Case*:

- [Statements of the Receiver] were made in a wholly separate lawsuit [the *Main Case*] to which Ice Legal is not a party. (Mag. Roemer Opinion, p. 10) (emphasis added);

- Ice Legal has no legal right to intervene in this case for purposes of knowing what the Receiver may represent, to this Court, about its allegations against Ice Legal in a wholly separate matter. (Mag. Roemer Opinion, p. 14) (emphasis added);

---

[1] Ice Legal has objected to the imposition of personal jurisdiction over the defendants in this case. It expressly preserves this jurisdictional objection here.

[2] Receiver's Notice of Related Cases under Loc. R. Civ. P. 5.1(e) (Dkt. 3).

[3] *Main Case*, Report, Recommendation and Order (Dkt. 749).

1

- Finally, unlike Ice Legal's claims, the validity of the banks' interest in receivership assets is not the subject of an <u>entirely separate litigation</u>.

(Mag. Roemer Opinion, p. 17) (emphasis added).

*See also*: multiple statements that these two cases are "separate proceedings." (Mag. Roemer Opinion, pp. 15, 16, 17).

The Court should not allow Plaintiffs to undermine the judicial-assignment process and eschew the "general rule" that all new cases "are randomly assigned in order to ensure greater public confidence in the integrity of the judicial process, guarantee fair and equal distribution of cases to all judges, avoid public perception or appearance of favoritism in assignments, and reduce opportunities for judge-shopping." *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118–19 (D.D.C. 2019) (citations omitted).

## LEGAL STANDARD

"[I]t has been said that 'attempts to manipulate the random case assignment process are subject to universal condemnation.'" *In re BellSouth Corp.*, 334 F.3d 941, 958 (11th Cir. 2003) (*quoting United States v. Phillips*, 59 F. Supp. 2d 1178, 1180 (D. Utah 1999)). Indeed, allowing litigants to exploit the case-assignment system would "contravene the very purpose of random assignment, which is to 'prevent judge- shopping by any party, thereby enhancing public confidence in the assignment process.'" *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 72–73 (D.P.R. 2004) (*quoting United States v. Mavroules*, 798 F. Supp. 61 (D. Mass. 1992)). "Under our system, judges do not choose their cases, and litigants do not choose their judges. We all operate on a blind draw system." *United States v. Kelly*, 519 F. Supp. 1029, 1031 (D. Mass. 1981).

2

Related cases are the exception to this crucial general rule. Rule 5.1(e) L. R. Civ. P. defines "Related Cases" as those that have similar facts and legal issues or arise from the same transactions or events." This is the same standard for permissive intervention under Rule 24(b)(1)(B) Fed. R. Civ. P. which applies when a "claim or defense … shares with the main action a common question of law or fact." It is also the standard for determining whether this Court has supplemental jurisdiction (the only jurisdiction alleged by the Receiver) which requires that the case be "so related to claims in the action within such original jurisdiction [i.e. this case] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

Thus, if the cases share common questions of law or fact—as the Receiver claims—then intervention should be allowed. If they do not, then the case should be reassigned randomly (and then dismissed by the new judge for lack of jurisdiction).

## THERE IS NO FACTUAL OVERLAP BETWEEN THE CASES SUCH THAT ASSIGNMENT TO THE SAME JUDGE WOULD AVOID UNNECESSARY DUPLICATION OF JUDICIAL EFFORT

**I.     The Receiver must show that the cases factually or legally overlap <u>and</u> that judicial labor will be conserved by assigning the same judge and magistrate.**

*First*, the standard set by Rule 5.1(e) L. R. Civ. P. for determining whether cases are "related" for purposes of dispensing with the random assignment of judges is that the cases must share similar facts and legal issues or arise from the same transaction or events. Here, the Receiver has not shown that the state law malpractice claims against Ice Legal and the mostly federal claims against the defendants in the *Main Case* defendants overlap in the slightest— either factually or legally. Ice Legal is not being accused of TSR violations or even assisting others to violate the TSR. It is not even being accused of giving wrong advice that resulted in

3

TSR violations—just that its good advice was "insufficient" to stop misconduct that was allegedly taking place years before Ice Legal was retained.

***Second***, to be "related" for purposes of judicial assignment, the Receiver must show that "its assignment to the same Judge would avoid unnecessary duplication of judicial effort." Rule 5.1(e) L. R. Civ. P.  Other than merely parroting the words that "there would be substantial duplication of labor if heard by different judges,"[4] the Receiver has made no such showing. There would be no "duplication of labor," let alone a "substantial duplication of labor," if a different judge heard this case.

**II.     The magistrate's belief that all matters regarding Ice Legal can be adjudicated in a wholly separate suit means that there is no factual overlap justifying assignment to the same Judge and Magistrate .**

Here, the Magistrate has agreed that these cases are "wholly" and "entirely" separate and that any matters that Ice Legal could raise are "either meritless or can be adjudicated in their separate lawsuit with the Receiver…" (Mag. Roemer Opinion, p. 19).[5]  Indeed, the Magistrate stated that Ice Legal has no legal right to know what the Receiver may represent to the Judge and Magistrate in the *Main Case* about its allegations against Ice Legal in a wholly separate matter. (Mag. Roemer Opinion, p. 14).  But this could only be true if the Judge and Magistrate in these two cases were different—otherwise, the communications would be *ex parte*.[6]

---

[4] Receiver's Notice of Related Cases under Loc. R. Civ. P. 5.1(e) (Dkt. 3), p. 2.

[5] The prediction that Ice Legal's motion could only be meritless or adjudicable in this case is shown incorrect by its Objection to the Receiver's Fourth Fee Application which identified what appear to be mistakes in several expenses.  The prediction that, if Ice Legal raised an issue that could only be adjudicated in the *Main Case*, it must be "meritless," has an unmistakable ring of judicial predisposition.

[6] The Magistrate commented in a footnote that communications between him and the Receiver were not *ex parte* because "[t]hey were made in a wholly separate lawsuit to which Ice Legal is

4

The lack of factual overlap alone should resolve this motion in Ice Legal's favor. *See Molinari v. Bloomberg*, 2008 WL 4876847, at *2 (E.D.N.Y. Nov. 12, 2008)s (refusing to relate cases because there was not "the kind of factual—or even legal—overlap between the supposedly related cases that will make it easier for [the prior judge] to get up to speed in the new case based on any familiarity with its predecessors.").

Furthermore, because the case is still in its infancy—there being no substantive rulings and pre-answer motions are still pending—there would be no increase in judicial labor if the case is reassigned at this juncture.

## CONCLUSION

For the reasons discussed above, Ice Legal asks the Court to "un-relate" this case from the Main Case and send the case back for random reassignment. Ice Legal also requests any further relief that the Court deems necessary and just.

Dated: July 25, 2025

                                                         **Lundergan Legal, LLC**

                                                        */s/ Amanda L. Lundergan*
Amanda L. Lundergan, Esq.
Post Office Box 211474
Royal Palm Beach, FL 33421
Direct: (561) 779-4126
Assistant: (561) 629-2643
Email: amanda@lunderganlegal.com

*Attorneys for Ice Legal, P.A., Thomas Ice and Ariane Ice*

---

not a party. They were also made in a public document…" (Mag. Roemer Opinion, p. 10, n. 9) But not all statements would be in public documents—they could be made in hearings that may never be transcribed. The appearance of propriety concerning these communications—and Magistrate Roemer's view of them—can be restored if this case is assigned to another Judge and Magistrate.

5