UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for StratFS, LLC (f/k/a Strategic Financial Solutions, LLC); et al., <br><br> Plaintiff, <br><br> vs. <br><br> ICE LEGAL, P.A., a Florida Profit Corporation, THOMAS ICE, an individual, and ARIANE ICE, an individual, <br><br> Defendants. | Case No. 1:25-cv-00275-EAW-MJR <br><br> Related Cases: <br> *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.* <br> Western District of New York <br> Case No. 1:24-cv-00040-EAW-MJR <br><br> *McNamara v. Monevo Inc.* <br> Western District of New York <br> Case No. 1:24-cv-00977-EAW |

**RECEIVER'S OPPOSITION TO DEFENDANTS'
MOTION TO UN-RELATE AND REASSIGN CASE
TO A DIFFERENT JUDGE AND MAGISTRATE**

Defendants Ice Legal, P.A., Thomas Ice, and Ariane Ice (collectively, "Ice Legal") challenge the related designation of this action to *Consumer Financial Protection Bureau, et al. v. StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), et al.*, 1:24-cv-00040-EAW-MJR (W.D.N.Y.) (the "Main Case")[1] under Local Rule 5.1(e). That local rule provides, in pertinent part:

> (e) **Related Cases**. Each attorney appearing in a civil case has a continuing duty to notify the Clerk promptly when the attorney has reason to believe that said case is related to some other pending civil or criminal action(s) because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, such that its assignment to the same Judge would avoid unnecessary duplication of judicial effort.

The challenge fails as the Main Case and this action are clearly related. This lawsuit was brought by the Receiver against Ice Legal pursuant to the Receiver's authority under the Preliminary Injunction ("PI," Main Case Dkt. No. 184) to recover Receivership Estate Assets. Pursuant to the affirmative "duty" imposed by L.R. 5.1(e), the Receiver appropriately indicated the related cases on the Civil Cover Sheet in this action (Dkt. No. 1-4).

Ice Legal makes the hyperbolic and unsupported claim that the Receiver is attempting to "undermine the judicial-assignment process," "manipulate the random case assignment process," and "exploit the case assignment system," based on the notice of related case. Dkt. No. 43-1 at 5. Ice Legal's over-the-top accusations are without merit. Relating the cases was entirely appropriate and is a common practice when court-appointed equity receivers bring lawsuits growing out of their duties as receivers. Indeed, it would have been improper and violated L.R.

---

[1] The First Amended Complaint refers to *Consumer Financial Protection Bureau, et al. v. StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), et al.*, 1:24-cv-00040-EAW-MJR (W.D.N.Y.) as the "Regulatory Enforcement Action," but Ice Legal has consistently referred to it as the "Main Case" in their papers. Ice Legal's use of the term "*Main* Case" implies their understanding that the instant action is ancillary to, and derivative of, that case.

1

5.1(e) had the Receiver not informed the Court that he had "reason to believe" the cases were related.

These matters are indisputably related by "a similarity of facts and legal issues." The action is expressly brought pursuant to the duties given the Receiver in the PI, including his duties to "sue for, collect, receive, take possession of, hold, and manage all Assets and Document of the Receivership Defendants" (PI, Section IX.B) and to "[i]nstitute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants" (PI, Section IX.L). *See* First Amended Complaint, Dkt. No. 24, ¶¶ 25-26 (citing Receiver's duties under PI as basis for suit). The relief sought by the Receiver includes damages for Ice Legal's failure to protect their Receivership Defendant clients from harm stemming from regulatory noncompliance and the damages for this failure tie to the damages in the Main Case.

As the Court is well aware, the underlying enterprise was especially complex. In short, given the overlap of facts between this case and the Main Case, it would be beneficial and more efficient for the overseeing Court to have familiarity with the alleged regulatory violations in the Main Case and the problems with Strategic Financial Solutions' law firm debt relief model. For instance, this background knowledge may be relevant to determining damages in this action and considering other fact disputes, such as the allegations that a "web of unresolved potential and actual conflicts" existed between Ice Legal's clients under their Engagement Agreement. *See* Dkt. No. 24 at ¶ 11. These matters will be sufficiently complex that "assignment to the same Judge would avoid unnecessary duplication of judicial effort." L.R. 5.1(e).

The challenge is also untimely.  The Receiver filed Notice of a Related Case here on March 27, 2025, when the initial complaint was filed.  Ice Legal waited over four months to file a motion to "un-relate and reassign the case."  During those four months, Ice Legal's seven pre-answer motions were fully briefed and are now before the Court.  During that same time span, Ice Legal filed numerous motions in this case and in the Main Case, as the Court is well aware.[2]  It was only after Judge Roemer issued a report and recommendation denying Ice Legal's motion to intervene, that Ice Legal filed this motion.  Ice Legal's request for another judge under these circumstances – *after* the rulings have not gone its way – is without merit.

For the foregoing reasons, the Receiver respectfully requests that Defendants' motion to Un-Relate and Reassign the Case be denied.

Dated: August 18, 2025

**MCNAMARA SMITH LLP**

By:   */s/ Logan D. Smith*
Logan D. Smith  (*Pro Hac Vice*)
Alexander D. Wall (*Pro Hac Vice*)
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone:  (619) 269-0400
Facsimile:  (619) 269-0401
Email:  lsmith@mcnamarallp.com;
awall@mcnamarallp.com

*Attorneys for Plaintiff Court-appointed Receiver, Thomas W. McNamara*

---

[2] *See, e.g.,* Dkt. Nos. 18 (six combined Rule 12 motions), 22 (Motion to Dismiss for Lack of Subject Matter Jurisdiction), 30 (six combined Rule 12 motions), 31 (Motion to Dismiss for Lack of Subject Matter Jurisdiction); *see also* Main Case Dkt. Nos. 680 (Motion to Intervene), 680-1 (proposed Objections to Third Fee Application), 680-3 (proposed Motion to Appoint Special Process Server), 721 (Motion to Modify or Dissolve Permanent Injunction), 746 (proposed Objections to Fourth Fee Application).