UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), et al., | Case No. 1:25-cv-00275-EAW-MJR |
| Plaintiff, | |
| vs. | |
| ICE LEGAL, P.A., a Florida Profit Corporation, THOMAS ICE, an individual, and ARIANE ICE, an individual, | |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO UN-RELATE AND REASSIGN CASE TO A DIFFERENT JUDGE AND MAGISTRATE**

**Lundergan Legal, LLC**
Amanda L. Lundergan, Esq.
Post Office Box 211474
Royal Palm Beach, FL 33421
Direct: (561) 779-4126
Assistant: (561) 629-2643
Email:  amanda@lunderganlegal.com

*Attorney for Ice Legal, P.A., Thomas Ice and Ariane Ice*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ iii

REPLY MEMORANDUM ..................................................................................................................... 1

    I.    The Receiver failed to carry his burden of showing that the cases are related "because of the similarity of facts and legal issues or because the cases arise from the same transactions or events." ........................................................................ 1

    II.   This Motion was timely because there is no deadline for such a motion and because the judicial time investment in this proceeding has been minimal. ................ 6

    III.  Request that this Motion not be deferred to Magistrate Roemer for decision. ............. 6

CONCLUSION ....................................................................................................................................... 8

## TABLE OF AUTHORITIES

**Rules**

Rule 5.1(e) L. R. Civ. P. .................................................................................................. 1, 3, 6

Rule 7(a)(3) L. R. Civ. P. ...................................................................................................... 5

**Other Authorities**

Katherine A. Macfarlane, *The Danger of Nonrandom Case Assignment: How the Southern District of New York's "Related Cases" Rule Shaped Stop-and-Frisk Rulings*, 19 MICH. J. RACE & L. 199 (2014).......................................................................................................... 7

## DEFINED TERMS

| Receiver's Resp. | Receiver's Opposition to Defendants' Motion to Un-relate and Reassign Case to a Different Judge and Magistrate (Dkt. 47). |
|---|---|
| *Main Case* | *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al. Western District of New York*, Case No. 1:24-cv-00040-EAW-MJR |
| State AGs | The seven "et al." Plaintiffs in the *Main Case*: The People of the State of New York, by Letitia James, Attorney General of the State of New York; State of Colorado, Ex Rel. Philip J. Weiser, Attorney General; State of Delaware Ex Rel. Kathleen Jennings, Attorney General State of Delaware; the People of the State of Illinois, through Attorney General Kwame Raoul; the State of Minnesota, by its Attorney General Keith Ellison; the State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and the State of Wisconsin |
| *Main Case*, P's Resp. | Plaintiffs' Response in Opposition to Objections of Non-party Ice Legal to Report, Recommendation and Order on Ice Legal's Motion to Intervene and Ice Legal's Motion to Modify or Dissolve the Preliminary Injunction and Appointment of Receiver (*Main Case*, Dkt. 773). |

**REPLY MEMORANDUM**

Ice Legal, P.A. and its two attorneys, Thomas Ice and Ariane Ice; (collectively, "Ice Legal") specially appeared and moved to "un-relate" this case and send it back for random assignment to a judge.

**I.   The Receiver failed to carry his burden of showing that the cases are related "because of the similarity of facts and legal issues or because the cases arise from the same transactions or events."**

The Receiver did not dispute that, before non-random judicial assignment may be considered, Rule 5.1(e) L. R. Civ. P. requires a showing that there is a "similarity of facts and legal issues" between this case and the *Main Case*[1] or that "the cases arise from the same transactions or events.". Nor did he dispute that he must show that "assignment to the same judge would avoid unnecessary duplication of judicial effort"  Yet, he never met any of these standards of relatedness.

***The Receiver did not identify similar facts or legal issues in the two cases:*** The Receiver asserts that the cases are "indisputably related by 'a similarity of facts and legal issues'" (Receiver's Resp.,[2] p. 2). Despite the use of the word "indisputably," the Receiver neglected to identify a single common underlying fact or legal issue being litigated in the two cases.

---

[1] The Receiver suggests that Ice Legal's use of the term "*Main Case*" (rather than the wordy "Regulatory Enforcement Action") implies an "understanding that the instant action is ancillary to, and derivative of, that case" (Receiver's Resp., p. 1, n. 1).  In reality, Ice Legal chose the term based on its understanding that its original nomenclature (the "*CFPB* case") was no longer accurate given that case is being prosecuted by the State AGs.  But perhaps the term "Regulatory Enforcement Action" does clarify the fact that the two cases do not arise from the same facts since there is no allegation that Ice Legal violated federal regulations.

[2] Receiver's Opposition to Defendants' Motion to Un-relate and Reassign Case to a Different Judge and Magistrate (Dkt. 47).

1

***The Receiver did not dispute the Magistrate's finding that the two cases were "wholly" and "entirely" separate:*** Ice Legal's Motion relied heavily upon Magistrate Roemer's repeated conclusion—made in support of his recommendation that Ice Legal's Motion to Intervene in the *Main Case* be denied—that this case is a wholly and entirely separate matter from the *Main Case* (Motion, pp. 1-2). The Receiver did not dispute or otherwise explain away the Magistrate's conclusion. Nor did the Receiver explain how these two cases could be so <u>dissimilar</u> that intervention in the *Main Case* should not be allowed, yet so <u>similar</u> that they should have the same judge and magistrate.

***Plaintiffs in the Main Case agree that the cases are unrelated:*** After Ice Legal filed this motion, the State AGs filed a response to Ice Legal's objections to the Magistrate's ruling. In the context of that response, not only did the State AGs repeat the Magistrate's finding that the cases were entirely separate, but they also actually argued that Ice Legal's interests in this case are unrelated to the subject transaction in their case:

> Countering allegations made about it by the court-appointed receiver to protect its interests in a wholly separate matter do not meet this requirement. <u>They do not relate to the subject transaction and are entirely collateral.</u>

*Main Case*, P's Resp., p. 12.

***The appointment of the Receiver is not a transaction or event from which either case arose, much less, one from which both cases arose:*** Rather than identify common transactions or events from which both cases arose, the Receiver points to one procedural event (his own appointment as a Receiver) that occurred in the *Main Case* <u>after</u> it was filed. Neither case arose from that event.

***The Receiver did not show that assigning the Magistrate who appointed him as the Receiver in the* Main Case *would avoid unnecessary duplication of judicial effort:*** Even if his appointment as a Receiver was an event from which both cases arose, the Receiver does not

2

explain how, having made this appointment, the Magistrate will be more familiar with the state-law claims against Ice Legal—or any other fact or legal issue in this case. Indeed, because non-random assignment under Rule 5.1(e) L. R. Civ. P. involves a balancing of the public interest in judicial economy against the public interest in avoiding the appearance of judge-shopping, the assignment of this case to the same judicial officer who appointed the Receiver (Ice Legal's adversary) weighs more heavily in favor of granting this motion.

Specifically, because the Receiver is an "arm of the court," there is a special ongoing relationship between the appointing Magistrate and the Receiver that, not only exists outside the confines of this case, but is qualitatively different than that between the Magistrate and ordinary litigants or counsel. This professional affiliation entangles the appointing Magistrate's duties as an impartial adjudicator in this case with a personal investment in his selection of, and continuing trust in, the Receiver as the Court's agent in the *Main Case*.

This arm-of-the-court relationship creates procedural and substantive conflicts of interest. For example, there are instances in the *Main Case* where the Receiver and the Magistrate will communicate with each other about the Receiver's case against Ice Legal==even confidential settlement negotiations—outside of Ice Legal's presence (one of the reasons for Ice Legal's Motion to Intervene). Moreover, in its role as guardian of the Estate's funds in the *Main Case*, the Magistrate must assess the Receiver's efficacy in his role and whether his pursuit of these claims against Ice Legal will benefit the Estate. Again these decisions occur outside this case and outside Ice Legal's presence and, as such, can easily taint even the most fastidious magistrate's view of where the equities lie in this case.

Accordingly, even if assigning the same judge could produce some modicum of judicial economy in this case, it is far outweighed by the public's interest in avoiding the appearance of judge-shopping and judicial favoritism.

***The Receiver's allegation that Ice Legal is responsible to pay any damages assessed against his Claimants in the regulatory enforcement action is not a transaction or event from which either case arose:*** The Receiver next claims that the damages claimed in this case "tie to the damages in the Main case" (emphasis added). **First**, Ice Legal has pointed out that these damages are too speculative to support the Receiver's state-law claims.[3] The Magistrate and the Plaintiffs in the *Main Case* agree that such damages are speculative—in that context, too speculative to support intervention.[4] Such speculative claims should not be the basis for overriding the normal random assignment of judges, especially when the judge will not be the trier of fact.

Similarly, the Receiver's allegations that there existed a "web of unresolved potential and actual conflicts" between Ice Legal's clients (as opposed to a conflict of interest on Ice Legal's part) are irrelevant. The Receiver has never alleged how this supposed web of conflicts caused damages to his Claimants. And these "conflicts" are not a factual or legal issue in the *Main*

---

[3] Memorandum in Support of Joined Rule 12 Motions: Motion for More Definite Statement; Motions to Dismiss for Failure to Join a Party, Lack of Personal Jurisdiction and Insufficient Process and Service of Process; Motions to Dismiss on the Grounds That Claims Must Be Arbitrated, and Failure to State a Claim; and Motion to Strike (Dkt. 30-1, pp. 45, 65, 66, 74).

[4] Report, Recommendation and Order (Dkt. 749, pp. 17) (Exhibit 1 to Notice of Supplemental Authority in Support of Motion to Dismiss of lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to state a Claim [Dkt. 41-1]); Plaintiffs' Response in Opposition to Objections of Non-party Ice Legal to Report, Recommendation and Order on Ice Legal's Motion to Intervene and Ice Legal's Motion to Modify or Dissolve the Preliminary Injunction and Appointment of Receiver (*Main Case* Dkt. 773, pp. 11, 15) (*Main Case*, P's Resp.) (Exhibit 1).

4

*Case*. In short, this is not a basis for disregarding the normal and salutary principle of random judicial assignment.

***Second***, because there can be no issue preclusion without Ice Legal's participation in the *Main Case*, the Receiver would be required to retry, in this case, the issue of what damages should have been assessed against his Claimants in the *Main Case*. Accordingly, if this alleged "tie" to damages in the *Main Case* is to be accorded any consideration, judicial efficiency would be served by allowing Ice Legal to intervene in the *Main Case*, not by appointing the same judge in this case.

As Ice Legal stated in the *Main Case*, the Receiver should not be permitted to have his case and eat it too. Either the cases are sufficiently related to support both the Court's supplemental jurisdiction and Ice Legal's intervention, or (as Ice Legal posits) they are not, and the Receiver's case should be dismissed for lack of jurisdiction—after reassignment to a randomly chosen judge.

***The Receiver did not show a common practice regarding the judicial assignment of cases brought by receivers:*** The Receiver also claimed that assignment of receiver-brought cases to the same judge who appointed the receiver is "a common practice" (Receiver's Resp., p 1). ***First***, he offered no support for this statement[5] or even an explanation as to why such non-random assignments would be common practice. ***Second***, if the statement were true, it may be because regulatory enforcement receivers do not often instigate litigation that does not arise out of the same event or transaction as the case in which they were appointed. In either case, the

---

[5] Unlike Ice Legal, the Receiver observes Rule 7(a)(3) L. R. Civ. P.—requiring the filing of a supporting affidavit, declaration, or affirmation—only in the breach. The Receiver has chosen not to make this statement of what is "common practice" under oath and, as a result, should be ignored.

5

Receiver has not established that this alleged "common practice" should take precedence over the requirements of Rule 5.1(e) L. R. Civ. P. or the public's interest in random case assignment.

**II.   This Motion was timely because there is no deadline for such a motion and because the judicial time investment in this proceeding has been minimal.**

The Receiver claims that this Motion to Un-relate is untimely but cites no case or rule that establishes a deadline for objecting to non-random assignment. While the Receiver correctly notes that many motions have been filed and briefed in this case, aside from some administrative decisions (such as the page length of memoranda), the Court has not decided any issue in the case. Accordingly, granting the motion will not cause a waste of judicial resources as implied by the Receiver.

**III.   Request that this Motion not be deferred to Magistrate Roemer for decision.**

Once again attempting to prejudice the Court against Ice Legal, the Receiver suggests that this Motion was prompted by Ice Legal's dissatisfaction with the Magistrate's rulings against Ice Legal in the *Main Case*. In reality, as shown by the Motion itself, it was prompted by the Magistrate's <u>agreement</u> with Ice Legal that the two cases were wholly and entirely separate.

Having said that, many of the points discussed above about an inherent appearance of impropriety of having the same Magistrate that appointed the Receiver preside over the case in which the Receiver is acting as a party (particularly when the cases did not arise from the same events or transactions) would be equally applicable to a motion for disqualification. For these reasons—and in response to the Receiver's attempt to poison the well—Ice Legal requests that this Motion be decided by a judge or magistrate other than Magistrate Roemer.

The risk of creating the appearance of impropriety is indubitably associated with non-random judicial assignment. That risk is far greater when the Court itself is involved in a process of self-selection:

> [T]he suggestion that a case has been steered to a particular judge's docket for reasons having nothing to do with efficiency or practicality undermines confidence in the judiciary's procedures, which must be neutral at every stage, even at assignment.
>
> \* \* \*
>
> Nonrandom assignment also has implications for the adversary system. Although party representation is "basic to our system of adjudication, when a judge chooses a case based on its subject matter, the judge steps out of his classic role as neutral adjudicator of the issues. … When a judge picks a case for his own reasons, he starts to look less like a judge and more like someone with a stake in the litigation.
>
> \* \* \*
>
> When a judge plays a role in the case assignment process to determine relatedness by comparing the facts *alleged* in a later-filed case to those *established* in an earlier-filed, and more developed, matter, the judge is acting less like a neutral arbiter and more like an interested investigator, in the civil law mode.[6]

(emphasis original, footnotes omitted).

Accordingly, Ice Legal respectfully requests that this particular motion be decided by a judge or magistrate who was not involved in the appointment of the Receiver.

---

[6] Katherine A. Macfarlane, *The Danger of Nonrandom Case Assignment: How the Southern District of New York's "Related Cases" Rule Shaped Stop-and-Frisk Rulings*, 19 MICH. J. RACE & L. 199 (2014), pp. 226-229). Available at: https://repository.law.umich.edu/cgi/viewcontent.cgi?article=1030&context=mjrl

7

## CONCLUSION

For the reasons discussed above, Ice Legal asks the Court to "un-relate" this case from the Main Case and send the case back for random reassignment. Ice Legal also requests that the decision on this motion not be delegated to Magistrate Roemer. Ice Legal also requests any other relief that the Court deems proper.

Dated: August 25, 2025

**Lundergan Legal, LLC**

*/s/ Amanda L. Lundergan*
Amanda L. Lundergan, Esq.
Post Office Box 211474
Royal Palm Beach, FL 33421
Direct: (561) 779-4126
Assistant: (561) 629-2643
Email: amanda@lunderganlegal.com

*Attorneys for Ice Legal, P.A., Thomas Ice and Ariane Ice*

8