# EXHIBIT 1

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO UN-RELATE AND REASSIGN CASE TO A DIFFERENT JUDGE AND MAGISTRATE**

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

        Plaintiffs,

        v.

STRATFS, LLC (f/k/a STRATEGIC
FINANCIAL SOLUTIONS, LLC), *et al.*,

        Defendants, and

STRATEGIC ESOP, *et al.*,

        Relief Defendants.

**CASE NO. 24-cv-40 EAW-MJR**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO OBJECTIONS OF NON-PARTY ICE LEGAL TO REPORT, RECOMMENDATION AND ORDER ON ICE LEGAL'S MOTION TO INTERVENE AND ICE LEGAL'S MOTION TO MODIFY OR DISSOLVE THE PRELIMINARY INJUNCTION AND APPOINTMENT OF RECEIVER**

Plaintiffs, the Consumer Financial Protection Bureau, the State of New York, the State of Colorado, the State of Delaware, the People of the State of Illinois, the State of Minnesota, the State of North Carolina, and the State of Wisconsin (collectively, the "Plaintiffs") respectfully submit this opposition to non-parties Ice Legal, P.A., Thomas Ice, and Ariane Ice's (collectively referred to as "Ice Legal") Objections (Dkt. 755) to Magistrate Judge Roemer's July 24, 2025 Report, Recommendation and Order ("R&R") (Dkt. 749) on Ice Legal's "Motion to Intervene for Purposes of Filing an Objection to Receiver's Report and a Motion to Appoint Special Receiver and for Other Purposes," (Dkt. 680) and Ice Legal's "Motion to Modify or Dissolve the Preliminary Injunction (and Appointment of Receiver) on the

Grounds that the Consumer Financial Protection Bureau has Abandoned its Case."
(Dkt. 721)

## **BACKGROUND**

More than sixteen months after Plaintiffs filed this enforcement action and the
Receiver was appointed by the Court (Dkt. 1 & 12)—and on the eve of the parties
finally approaching discovery—Ice Legal moved to intervene in the proceeding. (Dkt.
680) Ice Legal has been aware of this enforcement action since shortly after the
Preliminary Injunction ("PI") was filed, in March 2024.  (Dkt. 749 at 11) Indeed, in
May 2024, Ice Legal contacted the Receiver, demanding that he pay—ahead of
secured creditors and ahead of consumers—two unpaid invoices totaling $625,000 for
purported legal services rendered by Ice Legal. (Dkt. 749 at 11; Dkt.  680-3 at 29-30)
On March 27, 2025, the Receiver filed a complaint against Ice Legal, alleging that in
2021, Ice Legal entered into an illegal agreement with Strategic and its related
entities for which Ice Legal charged a fee of $2.65 million for non-existent services—
and which was allegedly, in reality, a thinly-veiled agreement by Ice Legal to flip
sides from its prior representation of consumer victims in cases suing Strategic over
to Strategic's side by refraining from bringing further lawsuits on behalf of consumers
and against Strategic and related entities, and to perform minimal or non-existent
legal services for Strategic. (*See McNamara v. Ice Legal, P.A., et al.*, Case No. 25-CV-
275, Dkt. 1) The Receiver has sued Ice Legal to recover those ill-gotten attorneys' fees.

*Id.* (hereinafter referred to as the "Ice Legal Lawsuit") The Ice Legal Lawsuit is ongoing, and Ice Legal is vigorously defending in that case.[1]

It was only after the Receiver brought the Ice Legal Lawsuit that Ice Legal moved to intervene in this enforcement action. In this case, Ice Legal has filed: (a) a "Motion to Intervene for Purposes of Filing An Objection to Receiver's Report" (Dkt. 680); (b) a "Motion to Appoint Special Receiver and For Other Purposes" *Id.*; and (c) a "Motion to Modify or Dissolve the Preliminary Injunction (and Appointment of Receiver) on the Grounds that the Consumer Financial Protection Bureau has Abandoned its Case." (Dkt. 721)

In these filings, Ice Legal asserts the following as bases for its motion to intervene: (1) Ice Legal's objections to the Receiver's Third Fee Application, in which Ice Legal takes issue with the Receiver's factual descriptions of the Receiver's work in connection with the Ice Legal Lawsuit, claiming the descriptions were designed to "surreptitiously prejudice" the Court against Ice Legal (Dkt. 680-2 at 7); (2) a request that the Court appoint another "special" or "*ad litem*" receiver "to evaluate and conduct the litigation against Ice Legal," on the purported ground that the Receiver "has repeatedly failed to comply with the requirements of his office in his dealings

---

[1] As of August 19, 2025, in the Ice Legal Lawsuit, Ice Legal has filed the following motions, among others: (a) Motion for More Definite Statement; (b) Motion to Dismiss for Lack of Jurisdiction and Insufficient Process; (c) Motion to Dismiss on the Grounds that Claims Must Be Arbitrated; (d) Motion to Dismiss for Failure to State a Claim; (e) Motion to Strike; (f) Motion to Stay; (g) Motion to Dismiss for Lack of Subject Matter Jurisdiction; (h) Motion to Dismiss for Failure to Join a Party; and (i) Motion to Un-Relate and Reassign Case to a Random Judge. *See* Civil Docket, Case No. 25-CV-275.

with Ice Legal" (Dkt. 680-3 at 3, 16); and (3) a proposed motion to modify or dissolve the long-standing PI (and receivership) in this case, apparently based on Ice Legal's contention that it is a putative creditor, because one plaintiff, the Consumer Financial Protection Bureau, according to Ice Legal, has "abandoned" the case. (Dkt. 721)

Ice Legal's motions are baseless and devoid of merit. In his R&R, Magistrate Judge Roemer properly denied Ice Legal's motion to intervene, holding that: (1) Ice Legal's motion was untimely; (2) Ice Legal has no legally protectable interest in this enforcement action; and (3) Ice Legal's purported interests will not be impaired or inadequately protected absent intervention, as it is free to pursue its interests and arguments in the Ice Legal Lawsuit. Following his denial of Ice Legal's motion to intervene, Judge Roemer further denied Ice Legal's proposed motion to dissolve or modify the PI for lack of standing by Ice Legal, and as having no merit. (Dkt. 749)

Judge Roemer's carefully considered R&R denying Ice Legal's motion to intervene and denying its motion to dissolve or modify the PI was correctly decided. The R&R is not "clearly erroneous or contrary to law." Accordingly, the District Court should reject Ice Legal's objections and adopt the R&R in its entirety.

## STANDARD OF REVIEW

A district court can set aside or modify a magistrate judge's order on a non-dispositive matter only if such order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(a). However, if the magistrate judge's

recommendation dealt with a dispositive matter, the district court must review the matter under the *de novo* standard.

As Magistrate Judge Roemer noted, motions to intervene have been treated as dispositive by some courts in the Second Circuit and non-dispositive by others. (Dkt. 749 at 2, n.1) Because the weight of authority suggests that motions to intervene are non-dispositive, and such motions are not listed in § 636(b)(1)(A) as dispositive, the Court should apply a clearly erroneous or contrary to law standard of review.[2]

On appeal, decisions resolving motions to intervene are reviewed for an abuse of discretion. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005). The review of a denial of a request for permissive intervention is "particularly deferential." *Id*.

Additionally, Ice Legal improperly raises new arguments in its objections that should not be considered in review. "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009). "The reason for this rule is simple and straightforward—allowing parties to raise new arguments in Objections to a Report and Recommendation 'unduly undermine[s] the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments.'" *Wright v. Duncan*, 31 F. Supp. 3d 378, 432 (N.D.N.Y. 2011), *aff'd*, 500 Fed. App'x. 36 (2d Cir. 2012).

---

[2]As set forth, *infra*, Plaintiffs should prevail under either standard of review.

5

This principle is reflected in the local rules of this District, which require movants to certify that they are not raising new factual or legal arguments in their objections. Loc. R. Civ. P. 72(c). Indeed, Ice Legal submitted such a certification but portends not to be bound by it, in claiming the following exceptions:

> Pursuant to Rule 72 (c) L. Fed. R. Civ. P., I certify that the objections do not raise new legal or factual arguments, except: 1) those directed to unique statements of law and fact made by the Magistrate, such as his use of post-motion events to decide the merits of Ice Legal's proposed Motion to Dissolve Injunction; and 2) those that would have been raised in reply memoranda had the Magistrate permitted them before ruling.

(Dkt. 755 at 38)

Loc. R. Civ. P. 72(c) does not have exceptions. Where Ice Legal raises new legal or factual arguments, it must "identify[] the new arguments and explain[] why they were not raised to the Magistrate Judge." Loc. R. Civ. P. 72(c). Ice Legal did not identify any of the numerous new arguments it raises, and its exceptions do not justify its actions here. In fact, Ice Legal did file a reply in support of its motion to intervene, and the motion to intervene was fully briefed for two months before the Magistrate Judge ruled. (Dkt. 680, 693, 694, 697, & 749) Accordingly, Plaintiffs respectfully request that this Court disregard any new legal or factual arguments raised by Ice Legal in its objections.

# **ARGUMENT**

## I.    **The R&R Correctly Set Forth and Applied the Proper Legal Standard Under Rule 24.**

As correctly set forth by Magistrate Judge Roemer in his R&R, to intervene as of right pursuant to Rule 24(a)(2), a moving intervenor bears the burden of satisfying each of the following criteria:

> [A] petitioner must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003). The proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention, *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016), and the failure to satisfy **any one** of these four requirements is a sufficient ground to deny the application. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014).

(Dkt. 749 at 11, emphasis added) Magistrate Judge Roemer correctly found that Ice Legal satisfied none of these criteria.

## II.    **Ice Legal's Motion to Intervene Is Untimely**.

The determination whether a motion to intervene as of right under Fed. R. Civ. P. 24(a)(2) is timely is subject to the district court's discretion. "In making this determination [of timeliness], courts should consider '(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'"

*In re Bank of New York Derivative Litig.*, 320 F.3d at 300, quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

Here, Magistrate Judge Roemer ruled that Ice Legal's delay of over a year in moving to intervene rendered Ice Legal's motion untimely. (Dkt. 749 at 11-13) *See Alvarez v. Experian Info Sols., Inc.,* 758 F. Supp. 3d 60, 90 (E.D.N.Y. 2024) (collecting cases where courts have routinely denied intervention where the delay in moving to intervene was comparable to, or shorter than, the delay in this case).

Notably, in its objections, Ice Legal concedes that it was aware of this enforcement action "over a year ago," but argues that its interest "at that time … was solely as a creditor." (Dkt. 755 at 20)  Thus, Ice Legal *admits* that it sat on the sidelines until it was sued by the Receiver.  Ice Legal's proffered excuse that it was merely a creditor undermines its argument for intervention. As Ice Legal acknowledges: "Creditors do not need to intervene to have their interests protected; that is the Receiver's responsibility." *Id*.  As a putative creditor,[3] at best, Ice Legal has no protectable interest in intervening.  Moreover, Ice Legal proffers no explanation for its continued delay after the Receiver notified Ice Legal in writing on October 16, 2024, that he intended to bring a lawsuit against Ice Legal. (Dkt. 680-3 at 32; Dkt. 694 at 7) As correctly observed by Magistrate Judge Roemer: "Ice Legal's

---

[3] In the Receiver's Opposition to Ice Legal's Motion to Intervene, the Receiver disputes Ice Legal's contention that it is a creditor, stating: "Ice Legal repeatedly claims it is a 'creditor.' *See, e.g.,* Dkt. No. 680-3 at 6. It is **not**; and its self-proclaimed (and incorrect) claim that it is a creditor of the Receivership Estate does not confer any right to participate in this regulatory enforcement action." (Dkt. 694 at 14) (emphasis added)

interest in the instant litigation is the same as it was in October 2024, when the Receiver declined to pay Ice Legal's invoices and notified Ice Legal of the receivership's claims of professional negligence, breach of fiduciary duty, and fraudulent transfer." (Dkt. 749 at 13)

In considering timeliness, both in the context of intervention as of right and permissive intervention, Judge Roemer also found that Ice Legal "is pursuing collateral issues, irrelevant to this litigation, which will only serve to delay resolution of this case and prejudice the proper parties." (Dkt. 749 at 13, 22-23) More specifically, Judge Roemer observed:

> The parties, and the Receiver, have been involved in vigorous and contentious litigation for over a year. Indeed, there are already over 700 docket entries in this matter. Recently, this Court's PI has been affirmed by the Second Circuit Court of Appeals, and this Court has issued Reports and Recommendations as to all but one of the extensive motions to dismiss filed by a number of defendants. Indeed, the matter finally appears to be approaching the entry of a scheduling order and the start of discovery. Allowing Ice Legal to intervene, in order to raise collateral matters that are either meritless or can be adjudicated in their separate lawsuit with the Receiver, will only serve to introduce confusion and unnecessary delay.

(Dkt. 749 at 22-23)

Because Judge Roemer is correct that Ice Legal sought to introduce collateral issues that would prejudice the parties, he properly denied Ice Legal's motion to intervene as being untimely. *See Sec. & Exch. Comm'n v. Callahan*, 193 F. Supp. 3d 177, 205 (E.D.N.Y. 2016) ("Case law is clear that if an intervenor attempts to introduce collateral issues in a proceeding, a court may be justified in denying a

motion to intervene based on undue delay or prejudice."); *Floyd v. City of New York*, 770 F.3d at 1059-60 (denying untimely motion to intervene where granting the motion would cause delay and prejudice to existing parties, and would "undermine the orderly administration of justice.").

The Magistrate Judge's ruling is not clearly erroneous or contrary to law; therefore, the Magistrate Judge's ruling should be upheld.

## III.  Ice Legal Has No Legally Protectable Interest in This Action.

As correctly observed by Judge Roemer in his R&R:

> An interest sufficient to support intervention as of right exists where a proposed intervenor possesses an interest that is "direct, substantial, and legally protectable." *New York News, Inc. v. Kheel*, 972 F.2d 482, 486 (2d Cir. 1992). *See also F.T.C. v. First Cap. Consumer Membership Servs., Inc.*, 206 F.R.D. 358, 362 (W.D.N.Y. 2001) (Rule 24 does not cover "any interest the applicant can put forward, only [] a legally protectable one.")

(Dkt. 749 at 13) Thus, to intervene as of right, Ice Legal must establish that it "possesses an interest that is 'direct, substantial, and legally protectable.'" *Id.* This interest must "relat[e] to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2); *see also Eddystone Rail Co., LLC v. Jamex Transfer Servs., LLC*, 289 F. Supp. 3d 582, 592 (S.D.N.Y. 2018) ("Rule 24(a)(2) demands a showing that the intervenor has an interest relating to the property or transaction which is the subject matter of this action.").

Judge Roemer carefully considered each of the purported interests advanced by Ice Legal, and he properly held that "Ice Legal has no legally protectable interest in this case." (Dkt. 749 at 13) More specifically, Judge Roemer concluded that Ice

10

Legal's professed interests of (1) objecting to the Receiver's Third Fee Application; (2) receiving e-filing notices in this case;[4] (3) having a special or "*ad litem*" receiver appointed solely to handle the Ice Legal Lawsuit because Ice Legal is dissatisfied with the Receiver; and (4) opposing the pursuit of litigation against Ice Legal—did not constitute legally protectable interests supporting Ice Legal's intervention in this enforcement action. (Dkt. 749 at 13-17)

In connection with Ice Legal's contention that it has an interest in opposing what it believes to be "unlawful" litigation against it by the Receiver, Judge Roemer correctly held that this interest "directly relates to the Ice Legal Lawsuit and not this case." (Dkt. 749 at 16) The Magistrate Judge further, and correctly, found that: (a) any potential liability of Ice Legal to pay fees incurred by the Receiver in this action was "speculative" and therefore not a legally protectable interest, *see Seils v. Rochester City Sch. Dist.*, 199 F.R.D. 506, 510 (W.D.N.Y. 2001) (interest in intervention cannot be remote or contingent); (b) the issue of Ice Legal's liability would be addressed in the Ice Legal Lawsuit, which Ice Legal is vigorously defending, and not in this case; and, (c) if the Receiver should prevail in the Ice Legal Lawsuit, "Ice Legal would have a full and fair opportunity to contest fees and damages at that time, and in that separate action." (Dkt. 749 at 16-17)

In its objections to the R&R, Ice Legal continues to fail to articulate any legally protected interest. It is Ice Legal's burden to establish this requirement, and its

---

[4] Ice Legal's objections make no mention of an interest in receiving e-filing notices; therefore, it appears to have abandoned this as a legally protected interest.

failure to do so leaves many of its arguments unclear and untethered to this requirement.

Plaintiffs have identified Ice Legal's status as an unsecured creditor (or judgment debtor if the Receiver prevails on its credible allegations). Ice Legal acknowledges that these interests are not sufficient for intervention. (Dkt. 755 at 20) Instead, Ice Legal focuses on other "reasons" that "<u>in combination</u>" purportedly form a legally protected interest. (Dkt. 755 at 21, emphasis in original) These "reasons" all appear to stem from Ice Legal's desire to "counter any incorrect or inappropriate information about Ice Legal presented to the Judge [by the Receiver] in this case." (Dkt. 749 at 22)

Countering allegations made about it by the court-appointed receiver to protect its interests in a wholly separate matter do not meet this requirement. They do not relate to the subject transaction and are entirely collateral.[5] Accordingly, Judge Roemer correctly held that these are not legally protectable interests.

In its objections, Ice Legal bizarrely claims a legally protectable "interest in preventing its opponent's *ex parte* contact with the same Judge and Magistrate presiding over the *McNamara* case." (Dkt. 755 at 25)  *Ex parte* communications are

---

[5] Ice Legal asserts, without authority, that pursuing collateral matters does not result in the type of prejudice cognizable for intervention as a matter of right but only permissible intervention. (Dkt. 755 at 22) This is incorrect. When considering intervention of right and timeliness, the court considers "the basic fairness notion that intervention should not work a last-minute disruption of painstaking work by the parties and the court." *Eddystone Rail Co.,* 289 F. Supp. 3d at 592.  Allowing Ice Legal to intervene and pursue a litany of collateral matters would sidetrack this litigation and cause prejudice to the existing parties.

communications made to a judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding. Code of Conduct for U.S. Judges, Canon 3(A)(4). Ice Legal has identified no such communications. Public statements in filings or hearings (to which Ice Legal has access) do not constitute *ex parte* communications; Ice Legal's assertions to the contrary are absurd and have no basis in law or fact.

In summary, Ice's Legal's objections are wholly unavailing and should be rejected. Judge Roemer correctly found that Ice Legal has no legally protectable interest in this case; and his finding should be upheld.

## IV. Ice Legal Fails to Show that its Purported Interests Will be Impaired or Inadequately Protected Absent Intervention.[6]

In considering the last factor for intervention as of right, Magistrate Judge Roemer concluded that Ice Legal had made "no showing that any purported interest on the part of Ice Legal would be impaired or inadequately protected absent intervention." (Dkt. 755 at 18) In reaching his conclusion, Judge Roemer stated:

> As explained previously, the entirety of Ice Legal's claims against the Receiver relate to the Receiver's conduct in the context of the Ice Legal Lawsuit, as well as Ice Legal's belief that the Ice Legal Lawsuit is without merit. Ice Legal is free to pursue these arguments in the already existing, independent action. In fact, it appears that Ice Legal has already filed at least seven motions in the Ice Legal Lawsuit, including an over 60-page joint brief compiling six separate motions, and another motion to

---

[6] Ice Legal contends that the Magistrate Judge "never recommended how the Court should rule on the fourth criterion…." (Dkt. 755 at 20) This is incorrect. The Magistrate Judge held that "intervention should also be denied because there has been no showing that any purported interest on the part of Ice Legal would be impaired **or inadequately protected** absent intervention." (Dkt. 749 at 18, emphasis added).

dismiss for lack of subject matter jurisdiction. (See 25-CV-275, Dkt. Nos. 30, 31)

(Dkt. 755 at 17-18)

Ice Legal patently wants to join this case so it can attempt to remove the Receiver and cut his fees, claiming that goal will be impaired or inadequately protected if intervention is denied. As discussed above, those goals are not related to any legally protected interests. Further, as held by Judge Roemer, Ice Legal's purported interests are not impaired and remain protected by its separate, ongoing litigation with the Receiver. No judgment will be imposed on Ice Legal in this case. That will be decided through separate litigation, where Ice Legal can raise its defenses, as it has already done.

Finally, in its objections, Ice Legal claims it is inadequately protected because the Receiver is seeking to hold Ice Legal liable for monies and Ice Legal wants to "minimiz[e] that amount" and "the State AGs have an interest in maximizing it." (Dkt. 755 at 32) But Ice Legal does not identify any legally protected interest at stake. Presumably, Ice Legal is referring to its status as an unsecured creditor or judgment debtor, but it previously acknowledged that "[c]reditors do not need to intervene to have their interests protected; that is the Receiver's responsibility." (Dkt. 755 at 20) To the extent Ice Legal is referring to "[t]he possibility that Ice Legal may be responsible for some or all of the Receiver's fees in this action, based on the outcome

14

of the Ice Legal Lawsuit,"[7] Magistrate Judge Roemer has found that this possibility is "entirely speculative and does not constitute a direct, substantial, or legally protectable interest in this litigation." (Dkt. 755 at 16-17)

Accordingly, the Court should disregard these arguments.

## V.    Limited Intervention Is Not Appropriate.

Ice Legal contends that the Court erred because it did not consider its request for "limited intervention." (Dkt. 755 at 32) Ice Legal does not explain how its intervention would be limited. Presumably, it would be admitted solely to challenge the Receivership and "counter" statements about it made by the Receiver. These are the exact circumstances the Magistrate Judge considered and rejected. It determined that these actions by Ice Legal would cause prejudice to the existing parties, even in this unspecified "limited" capacity.  Ice Legal's arguments should be rejected.

## VI.    The Magistrate Judge Appropriately Exercised His Discretion in Denying Permissive Intervention.

Courts consider substantially the same factors for intervention of right and permissive intervention. *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). Accordingly, in considering these same factors, the

---

[7] In its Memorandum of Law in Support of its Motion to Modify or Dissolve the Preliminary Injunction, Ice Legal points to allegations made by the Receiver in the Ice Legal Lawsuit that Ice Legal's negligent provision of legal services proximately caused the Receivership Defendants to suffer harm, "including increased regulatory exposure and liability and the costs of defending and participating in the actions brought by the federal and state regulators (including the resulting receivership)." *See* 25-CV-275, Dkt. 24, ¶227. As clearly pled by the Receiver, this alleged causation and the nature of these harms, together with their amount, are "to be determined at trial" in the Ice Legal Lawsuit; they are not a part of the instant case and will not be determined in the instant case. *Id.*, ¶229.

15

Magistrate Judge denied Ice Legal's motion for permissive intervention, finding that its motion was untimely, and that Ice Legal had not met any of the requirements to intervene as of right. The Magistrate Judge further held that "[a]llowing Ice Legal to intervene, in order to raise collateral matters that are either meritless or can be adjudicated in their separate lawsuit with the Receiver, will only serve to introduce confusion and unnecessary delay." (Dkt. 749 at 18-19)

Ice Legal contends that the Magistrate Judge erred in denying its motion for permissive intervention because intervention of right factors can be a basis to deny intervention in isolation, but permissive intervention considers the factors in totality. (Dkt. 755 at 33) In his R&R, the Magistrate Judge considered all of the intervention factors and determined, in his discretion, that they weighed against Ice Legal's permissive intervention in this case. The Magistrate Judge's exercise of his discretion was entirely proper; and his recommendation that Ice Legal's motion for permissive intervention be denied should be upheld, as it is not clearly erroneous or contrary to law.

## VII. The Court Properly Weighed the Correct Legal Factors in Ruling on Ice Legal's Motion to Intervene; and the Court Did Not Improperly Weigh the "Merits" of Ice Legal's Motions.

Magistrate Judge Roemer carefully considered Ice Legal's motion to intervene and applied the correct legal standard in denying both intervention of right and permissive intervention, finding that Ice Legal's motion was untimely; that Ice Legal's intervention would inject delay into the instant case and prejudice the existing parties; that Ice Legal did not have a legally protectable interest; and that

16

Ice Legal failed to show that, absent intervention, its purported interests were unprotected, as it is able to protect any such purported interests in the Ice Legal Lawsuit. The Magistrate Judge could have properly denied Ice Legal's motion to intervene on a single ground alone—such as untimeliness—but in a careful and full assessment of Ice Legal's motion, the Magistrate Judge weighed all of the requisite factors that Ice Legal was required, but failed, to show. *See Floyd v. City of New York*, 770 F.3d at 1057 (putative intervenor's failure to satisfy any one of the four criteria is a sufficient ground to deny the application).

The Magistrate Judge also examined all of Ice Legal's purported interests, including its challenge to the Receiver's Third Fee Application and its purported interest in having the Court appoint a "special" receiver. The Court properly examined these purported interests in determining whether Ice Legal had a legally protectable interest in intervening in the instant case, and whether, absent intervention, these purported interests were protectable by Ice Legal in the Ice Legal Lawsuit. Such assessment was entirely proper, as the Court merely observed matters of record; and they did not constitute improper rulings on the "merits" of Ice Legal's baseless and frivolous motions. *See*, *e.g.*, *United Parcel Service of America, Inc. v. The Net, Inc.*, 225 F.R.D. 416, 421-22 (E.D.N.Y. 2005) (finding that putative intervenor had not offered any credible evidence that he had an interest in the underlying property, and therefore "without any credible proof," the putative intervenor was unable to meet his burden of showing he had a direct and substantial interest in the subject matter of the action); *In re Kwok*, No. 22-50073, Adv. P. No. 23-05013, 2024

17

WL 72965, at *12-*15 (Bankr. D. Conn. Jan. 5, 2024) (denying proposed intervenors' motion to intervene, finding that they "had not presented substantial, legally protectable, colorable claims"; had "no ability to present evidence"; and "instead seem intent on wasting judicial resources"). Even if the Magistrate Judge's rulings could be viewed as reaching the "merits" of Ice Legal's proposed motions, such findings do not constitute error because the recommendation that the motion to intervene be denied was based on several independently sufficient bases and well-established law.

## VIII.  The Magistrate Properly Denied Ice Legal's Motion to Dissolve the Preliminary Injunction.

In his final ruling on Ice Legal's motions, the Magistrate Judge denied Ice's proposed motion to modify or dissolve the PI, including the appointment of the Receiver.  (Dkt. 721; Dkt. 749 at 19-20) As stated by Judge Roemer, "[t]he apparent basis for this motion is that plaintiff Consumer Financial Protection Bureau has 'abandoned its case.'" (Dkt. 749 at 19) Judge Roemer denied Ice Legal's motion, expressly holding that because Ice Legal's motion to intervene was denied, as a non-party, Ice Legal had no standing to bring the motion. Specifically, the Magistrate Judge ruled: "Because the Court finds that Ice Legal's motion to intervene should be denied, Ice Legal's motion to dissolve or modify the PI is likewise denied for lack of standing." *Id.*

Magistrate Judge Roemer also denied Ice Legal's motion to dissolve or modify the PI on the basis that the motion "ha[d] no merit." *Id.*  Judge Roemer observed that "the CFPB remains an active plaintiff in this lawsuit," noting that: (i) at a motion hearing on March 6, 2025, counsel for the CFPB informed the Court that the agency

was "authorized to fully prosecute the case" and that counsel for the CFPB would be actively participating in the case going forward (Dkt. 721-1 at 9; Dkt. 639 at 67); (ii) the CFPB was a signatory to Plaintiffs' response in opposition to Defendants' renewed cross-motion to stay the preliminary injunction pending appeal as well as to the joint stipulations for entry of stipulated preliminary injunction orders as to Defendants Timothy Burnette, Michelle Gallagher, and Richard Gustafson[8] (Dkt. 641, 720, 722, & 734); (iii) counsel for CFPB was present at a status conference before the Court on July 2, 2025 (Dkt. 735); and (iv) the CFPB was also a signatory to the renewed motion for a preliminary injunction as to relief defendant Cameron Cristo, filed July 16, 2025. (Dkt. 743; Dkt. 749 at 19-20)

The Magistrate Judge's ruling that, because Ice Legal's motion to intervene was denied, as a non-party, Ice Legal lacked standing to bring a motion to dissolve or modify the PI, was correct and fully consistent with established law. *See 1199SEIU United Healthcare Workers East v. PSC Community Services*, 597 F. Supp. 3d 557, 566-67 (S.D.N.Y. 2022) (observing that a non-party's right to make any motion in the action was predicated on its ability to intervene successfully in the action).

In its objections, Ice Legal acknowledges as much. In its memorandum in support of its motion to dissolve the PI, Ice Legal stated it "files this motion now with the expectation that it can be addressed when (and if) the Court grants Ice Legal's motion to intervene." (Dkt. 721-1 at 1, n.1) When it filed the motion to dissolve the

---

[8] Ice Legal appears to take issue with CFPB's use of /s/ typed signatures. (Dkt. 721-1 at n.7) Ice Legal—together with all of the parties to the case—has signed all of its filings the same way.

19

PI, and in its objections, Ice Legal recognized that it would not have the requisite standing to bring the motion to dissolve the PI, if its motion to intervene were denied. (Dkt. 755 at 38-39)

As a non-party denied intervention, Ice Legal does not have standing to bring a motion to dissolve or modify the PI. *United Healthcare Workers,* 597 F. Supp. 3d at 566-67. Nor does Ice Legal have standing to object to the Court's iteration of matters of factual record—namely, that CFPB remains a party to the case and has not withdrawn from the case; that CFPB's counsel has been present at recent status conferences; and that CFPB has signed on to recent filings in the case—or to the Court's statement, based on this plain record, that CFPB has not abandoned the case, and that Ice Legal's proposed motion was devoid of merit, which was correct.

In summary, the Magistrate Judge properly held that, because Ice Legal's motion for intervention was denied, it lacked standing to bring the motion to dissolve or modify the PI; and the Magistrate Judge did not act improperly in further observing matters of court record in concluding that Ice Legal's motion was meritless. Ice Legal's objections should be rejected.

## CONCLUSION

For the foregoing reasons, the Court should deny Ice Legal's objections and adopt the Magistrate Judge's Report and Recommendation in its entirety.

Dated:        August 22, 2025              Respectfully submitted,

Attorneys for Plaintiff
Consumer Financial Protection Bureau

DEBORAH MORRIS
Deputy Enforcement Director

TIMOTHY M. BELSAN
Assistant Litigation Deputy

/s/ *Joseph Sanders*
Joseph Sanders
Telephone: 202-377-9846
Vanessa Buchko
Telephone: 202-435-9593
Senior Litigation Counsel
1700 G Street, NW
Washington, D.C. 20552
Facsimile: (202) 435-7722
E-mail: joseph.sanders@cfpb.gov
E-mail: vanessa.buchko@cfpb.gov

LETITIA JAMES
Attorney General of the State of New York

/s/ *Genevieve S. Rados*
Genevieve S. Rados
Christopher L. Boyd
Assistant Attorneys General
350 Main Street, Suite 300A
Buffalo, New York 14202
Telephone: (716) 853-8485
Email: Genevieve.Rados@ag.ny.gov

*Attorneys for the State of New York*

PHILIP J. WEISER
Attorney General State of Colorado

/s/ *Kevin J. Burns*
Kevin J. Burns, CO Reg. No. 44527
(*pro hac vice*)
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Judicial Center
Consumer Protection Section

21

1300 Broadway, 9th Floor
Denver, Colorado 80203
Telephone: (720) 508-6110
Email: Kevin.Burns@coag.gov

*Attorney for the State of Colorado*

KATHLEEN JENNINGS
Attorney General State of Delaware

*/s/ Maryanne Donaghy*
Marion M. Quirk (*pro hac vice*)
Director of Consumer Protection
Deputy Attorney General
Maryanne Donaghy (*pro hac vice*)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, Delaware 19801
Telephone: (302) 683-8843
Email: Maryanne.donaghy@delaware.gov

*Attorneys for the State of Delaware*

KWAME RAOUL
Attorney General
State of Illinois

*/s/ Matthew Davies*
Greg Grzeskiewicz, Chief, Consumer Fraud
Bureau, *Pro hac vice application forthcoming,
if required*
Amanda E. Bacoyanis, Assistant Attorney
General, Consumer Fraud Bureau
(*pro hac vice*)
Matthew Davies, Supervising Attorney,
Consumer Fraud Bureau
(*pro hac vice*)
Office of the Illinois Attorney General
115 S. LaSalle St., 26th Floor
Chicago, Illinois 60603
Telephone: (312) 814-2218
Email: Greg.Grzeskiewicz@ilag.gov
Email: Amanda.Bacoyanis@ilag.gov
Email: Matthew.Davies@ilag.gov

*Attorneys for the People of the State of Illinois*

22

KEITH ELLISON
Attorney General of Minnesota

*/s/ Evan Romanoff*
Evan Romanoff *(pro hac vice)*
Assistant Attorney General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
Telephone: (651) 728-4126
Email: evan.romanoff@ag.state.mn.us

*Attorney for the State of Minnesota*

JEFF JACKSON
Attorney General of North Carolina

*/s/ M. Lynne Weaver*
M. Lynne Weaver (*pro hac vice*)
Special Deputy Attorney General
N.C. State Bar No. 19397
114 W. Edenton Street
Raleigh, North Carolina 27602
Telephone: (919) 716-6039
Email: lweaver@ncdoj.gov

*Attorney for the State of North Carolina*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Lewis W. Beilin*
Lewis W. Beilin *(pro hac vice)*
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
Telephone: (608) 266-1221
Email: Lewis.Beilin@wisdoj.gov

*Attorney for the State of Wisconsin*