UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for StratFS, LLC (f/k/a Strategic Financial Solutions, LLC), et al., | Case No. 1:25-cv-00275-EAW-MJR |
| Plaintiff, | |
| vs. | |
| ICE LEGAL, P.A., a Florida Profit Corporation, THOMAS ICE, an individual, and ARIANE ICE, an individual, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF ICE LEGAL'S MOTION FOR PERMISSION TO FILE MOTION FOR RECONSIDERATION OF ORDER APPROVING SETTLEMENT**

**Lundergan Legal, LLC**
Amanda L. Lundergan, Esq.
Post Office Box 211474
Royal Palm Beach, FL 33421
Direct: (561) 779-4126
Assistant: (561) 629-2643
Email:  amanda@lunderganlegal.com

*Attorney for Ice Legal, P.A., Thomas Ice and Ariane Ice*

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | iii |
| I. | Introduction | 1 |
| II. | Procedural Background | 1 |
| | A. Ice Legal's Motion to Intervene in the *Main Case* | 1 |
| | B. The precipitous approval of the Receiver's settlement without briefing, a hearing, or even a motion. | 3 |
| | C. Ice Legal files its Motion for Reconsideration in the *Main Case* | 4 |
| III. | The procedural problem with filing the same motion in this case. | 4 |
| IV. | Conclusion | 5 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Micolo v. Fuller*,
  No. 6:15-CV-06374 EAW, 2017 WL 2297026 (W.D.N.Y. May 25, 2017) .............................. 4

**Rules**

Rule 54(b) Fed. R. Civ. P. ........................................................................................................... 4

## DEFINED TERMS

| | |
|---|---|
| Ice Legal | Ice Legal, P.A. and its two attorneys |
| *Main Case* | *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*, *Western District of New York*, Case No. 1:24-cv-00040-EAW-MJR |
| Stipulation | Settlement Stipulation between CIBC Bank USA and Thomas W. McNamara, as the Court-appointed Receiver (*Main Case,* Dkt. 802-1) |
| Stip. Order or Order (unless otherwise indicated) | Order approving the Settlement entered by Magistrate Roemer on September 25, 2025 (*Main Case,* Dkt. 805). |
| CFPB | Consumer Financial Protection Bureau |
| State AGs | The seven "et al." Plaintiffs: The People of the State of New York, by Letitia James, Attorney General of the State of New York; State of Colorado, Ex Rel. Philip J. Weiser, Attorney General; State of Delaware Ex Rel. Kathleen Jennings, Attorney General State of Delaware; the People of the State of Illinois, through Attorney General Kwame Raoul; the State of Minnesota, by its Attorney General Keith Ellison; the State of North Carolina, ex rel. Joshua H. Stein, Attorney General; and the State of Wisconsin |
| Motion to Intervene | Memorandum in Support of Third-party Motion to Intervene for Purposes of Filing an Objection to Receiver's Report and a Motion to Appoint Special Receiver and for Other Purposes (*Main Case,* Dkt. 680-1) |

I.   **Introduction**

Ice Legal, P.A. and its two attorneys, Thomas Ice and Ariane Ice; collectively, "Ice Legal") specially appear[1] and move this Court for permission to file a motion seeking reconsideration of the Order entered by Magistrate Roemer in the case of *Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*, Western District of New York, Case No. 1:24-cv-00040-EAW-MJR ("*Main Case*") which approved the Settlement Stipulation (between CIBC Bank USA and Thomas W. McNamara, as the Court-appointed Receiver) ("Stipulation").  The proposed motion, notice and declaration are attached as Composite Exhibit 1.  The motion and supporting documents are virtually identical to that filed in the *Main Case* (*Main Case* Dkt. 808, 808-1, and 808-2).

II.   **Procedural Background**

   **A. Ice Legal's Motion to Intervene in the *Main Case***

Thomas McNamara, who was appointed as the Receiver in the Main Case, brought this case against Ice Legal ostensibly on behalf of various (and not clearly identified) Defendants in the *Main Case*.  The Receiver claims that jurisdiction in this case is supplemental to the Court's federal question jurisdiction in the *Main Case*.

Ice Legal moved to intervene[2] in the *Main Case*, to present various motions and objections directly or indirectly regarding the nominal plaintiff in this case, the Receiver:

---

[1] Ice Legal has objected to the imposition of personal jurisdiction over the defendants in this case.  It expressly preserves this jurisdictional objection here.

[2] Third-party Motion to Intervene for Purposes of Filing an Objection to Receiver's Report and a Motion to Appoint Special Receiver and for Other Purposes (*Main Case*, Dkt. 680, 680-1).

1

- Ice Legal's Objections to the Receiver's Fee Application (*Main Case*, Dkt. 680-2);

- Ice Legal's Motion to Appoint Special Receiver (*Main Case*, Dkt. 680-3);

- Ice Legal's Motion to Modify or Dissolve the Preliminary Injunction (and Appointment of Receiver) on the Grounds That the Consumer Financial Protection Bureau Has Abandoned Its Case (*Main Case*, Dkt. 721);

- Ice Legal's, Objections to the Receiver's Fourth Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals (Main Case, *Dkt* 746).

Magistrate Roemer recommended denial of the Motion to Intervene and denied outright Ice Legal's Motion to Modify or Dissolve the Preliminary Injunction.[3] Ice Legal's objections to this recommendation and ruling is pending before Judge Wolford.[4] In his denial of the Motion to Intervene, Magistrate Roemer did not mention Ice Legal's objections to the Receiver's fourth fee application.

Magistrate Roemer's rationale for recommending denial of Ice Legal's Motion to Intervene was based, in large part, on a conclusion that all of Ice Legal's grievances—aside from being without exception "meritless"—are collateral matters that could, and should, be adjudicated in this case:

---

[3] Magistrate Roemer's Report, Recommendations and Order, dated July 24, 2025 (*Main Case*, Dkt. 749) ("Roemer Order").

[4] Proposed Intervenors, Ice Legal's, Objections to Report, Recommendation and Order: Recommending Denial of Motion to Intervene for Purposes of Filing an Objection to Receiver's Report and a Motion to Appoint Special Receiver and for Other Purposes --and-- Denying Proposed Motion to Modify or Dissolve the Preliminary Injunction (and Appointment of Receiver) on the Grounds That the Consumer Financial Protection Bureau Has Abandoned Its Case (*Main Case*, Dkt. 755).

2

> Allowing Ice Legal to intervene, in order to raise collateral matters that are either meritless or can be adjudicated in their separate lawsuit with the Receiver, will only serve to introduce confusion and unnecessary delay.[5]
>
> As explained previously, the entirety of Ice Legal's claims against the Receiver relate to the Receiver's conduct in the context of the Ice Legal Lawsuit, as well as Ice Legal's belief that the Ice Legal Lawsuit is without merit. Ice Legal is free to pursue these arguments in the already existing, independent action.[6]
>
> Ice Legal's purported status as a creditor is the subject of the Ice Legal Lawsuit, and will be fully addressed in that separate proceeding.[7]
>
> It would be a waste of both receivership resources and judicial resources to appoint a special receiver to handle litigation regarding one unsecured creditor's claim, when a separate lawsuit is now pending which will address this very issue.[8]
>
> Moreover, should the Receiver prevail in the Ice Legal Lawsuit, Ice Legal would have a full and fair opportunity to contest fees and damages at that time, and in that separate action.[9]

Based on Magistrate Roemer's comments, and in the absence of any resolution of Ice Legal's objections to his decisions, Ice Legal, in an abundance of caution, refiled its still-unresolved objections to the Receiver's fourth fee application in this case.[10] As of this writing, those objections have not been addressed in this case or in the *Main Case*.

### B. The precipitous approval of the Receiver's settlement without briefing, a hearing, or even a motion.

On September 24, 2025, McNamara filed a cover letter (*Main Case,* Dkt. 802) enclosing a stipulation between himself as Receiver and CIBC Bank USA. Even though the agreement disposes of funds and other interests of the Receivership Estate, Magistrate Roemer signed the

---

[5] Roemer Order, p. 19.

[6] *Id*. at 17.

[7] *Id*. at 15.

[8] *Id*. at 15-16.

[9] *Id*. at 17

[10] Ice Legal's, Objections to the Receiver's Fourth Interim Application for Order Approving Fees and Expenses of the Receiver and Professionals Filed in "related" Case (Dkt. 42).

3

proposed order the day after the Receiver filed his letter (September 25, 2025) without inviting formal objection from parties or prospective (or otherwise interested) parties such as Ice Legal (*Main Case,* Dkt. 805).

### C. Ice Legal files its Motion for Reconsideration in the *Main Case*

On September 30, 2025 (yesterday), Ice Legal filed in the *Main Case* a Motion for Reconsideration of the precipitously entered Order approving the settlement (Main Case, Dkt. 808). The motion was brought under Rule 54(b) Fed. R. Civ. P., which provides that the Court may revise any interlocutory order before the entry of a final judgment when there is a need to correct a clear error or prevent a manifest injustice. *Micolo v. Fuller*, No. 6:15-CV-06374 EAW, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) (Judge Wolford).

### III. The procedural problem with filing the same motion in this case.

In anticipation that the Court in the *Main Case* would not reach the merits of Ice Legal's objections on the same grounds as before—that motions brought by Ice Legal should be adjudicated in <u>this</u> case—Ice Legal seeks to preserve its rights by presenting the same motion here.

Rule 54(b) Fed. R. Civ. P., however, would not typically apply to the reconsideration of a decision in another case (even if made by the same Judge or Magistrate). Nor is Ice Legal aware of any other rule that would allow the Court in this case to reconsider and vacate an order entered in the *Main Case*. While Ice Legal submits that this procedural quandary illustrates that the suggestion that all of Ice Legal's "grievances" be litigated in this case is unworkable (or even nonsensical in this instance), it is compelled to also request resolution of its motion in this case to preserve this issue for appeal.

### IV.     Conclusion

Accordingly, Ice Legal requests permission to file the proposed motion (attached as Composite Exhibit 1) in this case, despite the apparent inapplicability of Rule 54(b) Fed. R. Civ. P.  In the alternative, should the Court deny this motion, Ice Legal requests an Order stating that Ice Legal's Motion for Reconsideration should be addressed and adjudicated in the *Main Case*.

Dated: October 1, 2025

                                              **Lundergan Legal, LLC**

                                              */s/ Amanda L. Lundergan*
                                              Amanda L. Lundergan, Esq.
                                              Post Office Box 211474
                                              Royal Palm Beach, FL 33421
                                              Direct: (561) 779-4126
                                              Assistant: (561) 629-2643
                                              Email:  amanda@lunderganlegal.com

                                              *Attorney for Ice Legal, P.A., Thomas Ice and Ariane Ice*