UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for StratFS, LLC (f/k/a Strategic Financial Solutions, LLC); et al.,<br><br>               Plaintiff,<br><br>vs.<br><br>ICE LEGAL, P.A., a Florida Profit Corporation, THOMAS ICE, an individual, and ARIANE ICE, an individual,<br><br>               Defendants. | Case No. 1:25-cv-00275-EAW-MJR<br><br>Related Cases:<br>*Consumer Financial Protection Bureau, et al. v. StratFS, LLC, et al.*<br>Western District of New York<br>Case No. 1:24-cv-00040-EAW-MJR<br><br>*McNamara v. Monevo Inc.*<br>Western District of New York<br>Case No. 1:24-cv-00977-EAW |

**RECEIVER'S OPPOSITION TO ICE LEGAL'S MOTION FOR PERMISSION TO FILE MOTION FOR RECONSIDERATION OF ORDER APPROVING SETTLEMENT**

      The Receiver opposes Ice Legal's latest motion, a Motion for Permission to File Motion for Reconsideration of the Order Approving the Receiver's Settlement with certain secured lenders. This arms-length settlement was approved by Magistrate Judge Roemer in the *Main Case* (Dkt. No. 805). As Ice Legal recognizes, the proper forum to file a motion to reconsider the Order approving the settlement is exclusively in the *Main Case.* Ice Legal has already done exactly that. *See* Main Dkt. No. 808. Nevertheless, Ice Legal has taken the unusual and improper – and likely unprecedented – step of filing a mirror request for reconsideration in this case.

      Ice Legal's motion should be summarily denied. In fact, Ice Legal recognizes it is not a serious motion: it specifically refers to the very relief it is requesting – deciding in its case a motion in another case that does not involve Ice Legal – as being "unworkable (or even nonsensical in this instance," but claims it is nevertheless "compelled to also request resolution

1

of its motion in this case to preserve this issue for appeal." Dkt. No. 50-1 at 4.  How exactly any appellate rights are possibly implicated is nowhere explained by Ice legal.

If the Court in the *Main Case* finds that non-party Ice Legal has grounds to intervene for the purpose of bringing its motion for reconsideration of the settlement, then the Receiver will devote the resources to addressing the motion at that time.[1]  But Ice Legal is improperly burdening the Receivership Estate and this Court with a motion that it describes as "nonsensical[.]" *Id.* at 4.  The stated logic, such as it is, offered by Ice Legal is a contorted claim that "a previous ruling in the *Main Case* indicates that all Ice Legal motions with respect to events in the *Main Case* can, and should, be adjudicated in this case." Dkt. No. 50 at 2 ("Grounds for Relief").  That mischaracterizes the Court's ruling.  Ice Legal's motion to intervene was determined to be meritless on numerous grounds.  *See* Main Dkt. 749.  Among other things, Judge Roemer found Ice Legal's motion to intervene was untimely (*see id.* at 11-13), Ice Legal has no legally protectable interest in the *Main Case* (*see id.* at 13-17), and its interests will not be impaired or inadequately represented absent intervention.  *See id.* at 17-18.  But the ruling did *not* somehow give permission to Ice Legal (or much less require it ) to burden

---

[1]  Judge Roemer previously issued a report and recommendation denying Ice Legal's standing to intervene in the *Main Case*.  Dkt. No. 749.

this Court, in this action, with motions for reconsideration of Orders in the *Main Case*. Ice Legal's motion should be denied.

Dated: October 15, 2025

                                            **MCNAMARA SMITH LLP**

                                            By: */s/ Logan D. Smith*
                                            Logan D. Smith (*Pro Hac Vice*)
                                            McNamara Smith LLP
                                            655 West Broadway, Suite 900
                                            San Diego, California 92101
                                            Telephone: (619) 269-0400
                                            Facsimile: (619) 269-0401
                                            Email: lsmith@mcnamarallp.com

                                            **HODGSON RUSS LLP**

                                            By: */s/ James C. Thoman*
                                            James C. Thoman, Esq.
                                            140 Pearl Street, Suite 100
                                            Buffalo, New York 14202
                                            Telephone: (716) 856-4000
                                            Facsimile: (716) 849-0349
                                            Email: jthoman@hodgsonruss.com

                                            *Attorneys for Plaintiff Court-appointed Receiver, Thomas W. McNamara*